

# IN THE
# TENTH COURT OF APPEALS

### No. 10-18-00345-CR

THE STATE OF TEXAS,

                                                    Appellant

 v.

CHARLES JOSEPH MERAS,

                                                    Appellee

### From the County Court at Law No. 1
### McLennan County, Texas
### Trial Court No. 20173335CR1

## MEMORANDUM OPINION ON REMAND

Charles Joseph Meras was charged with possession of a controlled substance. He

filed a pre-trial motion to suppress evidence arising from his detention and subsequent

arrest on the basis that the officer lacked reasonable suspicion to detain him for a violation

of section 545.060(a) of the Transportation Code. The trial court granted that motion.

Agreeing with the reasoning in support of the Court of Criminal Appeal's four-judge

decision in *Leming v. State*, 493 S.W.3d 552, 559-60 (Tex. Crim. App. 2015), we reversed

the trial court's order and remanded the case to the trial court for further proceedings.

*State v. Meras*, 629 S.W.3d 284, 287 (Tex. App.—Waco 2020). Meras filed a petition for discretionary review. Over two years later, in *State v. Hardin*, 664 S.W.3d 867 (Tex. Crim. App. 2022), the Court of Criminal Appeals impliedly, if not expressly, overruled *Leming*, and shortly thereafter, vacated our judgment and remanded the case for reconsideration in light of *Hardin* and to address any remaining issues necessary to the resolution of the appeal. *State v. Meras*, No. PD-0120-20, 2023 Tex. Crim. App. LEXIS 19, at *2 (Crim. App. Jan. 11, 2023).

The sole question on remand is whether the officer was reasonable in his interpretation of section 545.060(a) of the Texas Traffic Code when he initiated a traffic stop of Meras, notwithstanding that the officer was subsequently determined to be mistaken. We hold the answer to that question is, yes.

At the time Meras was stopped, in September of 2017, there was no controlling interpretation of section 545.060(a) from the Court of Criminal Appeals or from this Court. *See State v. Meras*, 629 S.W.3d 284, 286 & n.1 (Tex. App.—Waco 2020). A controlling interpretation did not occur until the opinion in *Hardin* issued on November 2, 2022. As observed by Justice Slaughter in a concurring opinion, "this situation appears to be a classic case of reasonable mistake of law by the officer who pulled Appellee over." *State v. Hardin*, 664 S.W.3d 867, 879(Tex. Crim. App. 2022), Slaughter, J., concurring. An officer's reasonable but mistaken understanding of traffic law can give rise to reasonable suspicion to justify a traffic stop. *See Heien v. North Carolina*, 574 U.S. 54, 57, 135 S. Ct. 530, 190 L. Ed. 2d 475 (2014). Thus, the officer's mistaken interpretation of section 545.060(a) was "entirely reasonable in view of the nuanced statutory language and the conflicting

caselaw from [the Court of Criminal Appeals] and the intermediate courts of appeals interpreting it." *Id.* The difference in this case from *Hardin,* however, is that in this case, the State raised the mistake-of-law issue in the trial court as an affirmative ground to deny the motion to suppress. Thus, because the State raised the issue, the trial court erred by granting Meras's motion over that argument.

Accordingly, the trial court's Order Granting Defendant's Motion to Suppress is reversed, and this case is remanded to the trial court for further proceedings.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Johnson, and
      Justice Smith
Reversed and remanded
Opinion delivered and filed August 16, 2023
Do not publish
[CR25]

